Filed 3/28/13  P. v. Asencio CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C071831 |
| Plaintiff and Respondent, | (Super. Ct. No. 12F1616) |
| v. | |
| EDGAR STANLEY ASENCIO, | |
| Defendant and Appellant. | |

Defendant Edgar Stanley Asencio pleaded no contest to conspiracy to transport cocaine to a noncontiguous county for the purpose of sale.  (Health & Saf. Code, § 11352, subd. (b); Pen. Code, § 182, subd. (a)(1).)  In exchange, a count of attempted possession of a controlled substance (Pen. Code, § 664; Health & Saf. Code, § 11351, subd. (a)) was dismissed.

Defendant was sentenced to county jail for three years.  (Pen. Code, § 1170, subd. (h).)  Execution of the final two years was suspended and defendant was placed under mandatory supervision by the probation department for those two years.

1

Defendant was awarded 100 days' custody credit and 100 days' conduct credit, and was ordered to pay a $760 fine (Pen. Code, § 672) including penalty assessments, a $240 restitution fine (Pen. Code, § 1202.4) plus administrative fee, a $190 laboratory analysis fee (Health & Saf. Code, § 11372.5, subd. (a)) including penalty assessments, a $40 court operations fee (Pen. Code, § 1465.8, subd. (a)(1)), a $30 court facilities assessment (Gov. Code, § 70373), and a $151 booking fee.

FACTS

Because the matter was resolved by plea, our statement of facts is taken from the probation officer's report.

In March 2012, a confidential reliable informant (CRI) told a commander of the local narcotics task force that an unknown Hispanic male from the State of Washington wanted to purchase a kilogram of cocaine for $20,000 to $25,000. The CRI made arrangements to meet the male in Shasta County.

While waiting in a commercial parking lot, the CRI received a telephone call from the male who advised that he and two friends would arrive in a blue station wagon. Later that afternoon, a blue station wagon arrived. The driver, later identified as defendant, and two other males spoke to the CRI. Due to inclement weather, the males entered the CRI's car where they conversed for about five minutes. When they got out of the car, defendant reached into the rear passenger area of the station wagon and showed something to the CRI. The CRI observed numerous bundles of United States currency in a vacuum sealed bag. At that point, defendant and the other two males were placed under arrest.

A search of the blue station wagon revealed $20,000 cash in the form of 10 bundles of $20 bills. A cellular telephone, a phone charger, and a Global Positioning System unit were found in the center console. A search of defendant's person yielded an additional $1,000 in $20 bills.

Following an advisement of his constitutional rights, defendant acknowledged his participation in the plan to purchase cocaine.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

                                        HULL            , J.


We concur:


      RAYE            , P. J.


      HOCH            , J.

3